

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-21-00034-CV

IN THE INTEREST OF C.B., M.B., AND T.B., CHILDREN

On Appeal from the County Court at Law
Panola County, Texas
Trial Court No. 2020-089

Before Morriss, C.J., Burgess and Stevens, JJ.
Memorandum Opinion by Chief Justice Morriss

# MEMORANDUM OPINION

The County Court at Law of Panola County entered a judgment terminating Mother's parental rights to her children, C.B., M.B., and T.B.,[1] on grounds that she knowingly placed or allowed the children to remain in conditions or surroundings that endangered their physical or emotional well-being, engaged in conduct or knowingly placed the children with persons who engaged in conduct that endangered their physical or emotional well-being, and failed to follow court orders setting forth the actions required for her to obtain the children's return. *See* TEX. FAM. CODE ANN. § 161.001(b)(1)(D), (E), (O) (Supp.). Mother's court-appointed appellate counsel has filed a brief discussing the applicable law and evaluating the entire record in this case, concluding that no non-frivolous grounds can be advanced to support reversal of the trial court's judgment. Because we agree, we affirm the trial court's judgment. However, we overrule counsel's accompanying motion to withdraw.

Mother's brief states that her counsel has reviewed the record and has found no genuinely arguable issues that could be raised on appeal. The brief sets out the procedural history of the case and summarizes the evidence elicited during the trial court proceedings. Providing a professional evaluation of the record demonstrating why there are no arguable grounds to be advanced, counsel has met the requirements of the law. *See Anders v. California*, 386 U.S. 738, 743–44 (1967); *In re Schulman*, 252 S.W.3d 403, 406 (Tex. Crim. App. 2008) (orig. proceeding); *see In re P.M.*, 520 S.W.3d 24, 27 (Tex. 2016) (per curiam) (recognizing that *Anders* procedures apply in parental-rights termination cases).

---

[1]To protect the confidentiality of the children involved, we refer to all parties by either initials or pseudonyms. *See* TEX. R. APP. P. 9.8(b)(2).

On June 15, 2021, counsel mailed to Mother copies of the brief and the motion to withdraw, as well as a motion for pro se access to the appellate record lacking only Mother's signature. Mother was informed of her rights to review the record and file a pro se response. Mother's pro se response argues that (1) a caseworker made false allegations that she stabbed someone, (2) she is in a program to battle her drug addiction and is determined to complete parenting classes and relapse prevention, (3) the COVID-19 pandemic "did not allow for a full scope of family planning of services to be offered and well executed," (4) her counsel did not meet with her to prepare for the Zoom trial, (5) the "Zoom meeting technology was interrupted with disturbances and inability to fully hear what was being asked or stated," and (6) she wanted a jury trial.

We have determined that this appeal is wholly frivolous. We have independently reviewed the entire appellate record and Mother's pro se response and, like counsel, have determined that no arguable issue supports an appeal. *See Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005). Therefore, we affirm the trial court's judgment.

Even so, we deny counsel's motion to withdraw. *See In re P.M.*, 520 S.W.3d at 27 (noting that in parental-rights termination cases, court-appointed counsel's duty to h[er] client generally extends "through the exhaustion of appeals" "including the filing of a petition for review" in the Texas Supreme Court). If Mother desires to pursue this matter in the Texas Supreme Court, counsel may fulfill her duty "by filing a petition for review that satisfies the standards for an *Anders* brief." *See id.* at 28.

We affirm the judgment of the trial court.

Josh R. Morriss, III
Chief Justice

Date Submitted:     August 5, 2021
Date Decided:       September 1, 2021